Good morning, Your Honors. May it please the Court, Jeff Lamoureux for Petitioner Rafael Lainez-Urquilla. I would like to reserve three minutes for rebuttal. This Court has jurisdiction to review this case, which involves the Board of Immigration Appeals' BIA dismissal of an appeal of an immigration judge's IJ denial of a motion to reopen, because number one, the exhaustion requirement has been satisfied below, and number two— For all issues? Where was ineffective assistance of counsel raised below? It was raised below in the—it was actually raised because it cited the first notary who had helped the petitioner fill out an asylum application. Point to me something in the record where it was raised to the BIA. I will, if I may continue. I have an insight to it. So—and then number two, to any extent that may not have been satisfied below, as explained in Petitioner's reply to the response brief, the exhaustion requirement can be waived. Regarding number one, the exhaustion requirement having been satisfied below, Petitioner, albeit through a note— Could you give us the site to where it was exhausted below? Then you said you have the site, but I think— Well, I have the place both where the initial immigration judge's denial of due process was raised in the Petitioner's appeal brief to the BIA. So tell us where it is. I will. So— We'll hear it, but that's not a very satisfying response. So when you come back and do this again, that's something you ought to be able to give us when it's asked, not tell us you'll tell us later. But we'll wait to hear it later. Well, I just wanted to set out where I'm going ahead of time. And we're looking for an answer to the question. And if you have two judges asking you the same question, then ordinarily that's when you want to answer the question. Yes, I agree. So first, regarding the initial immigration judge's denial of his due process, the appeal brief to the BIA that was drafted by the notary was signed, unknown to the Petitioner, as a pro se appeal. And a pro se Petitioner's brief, even if, quote unquote, inartful, can be sufficient to put the BIA on notice of a claim. Here, the appeal brief to the BIA stated, quote, he was advised to seek voluntary instead, without being informed, knowing the consequences thereof. And in fact, the court simply granted him voluntary departure. And that's it, unquote. The BIA's dismissal of the appeal, however, did not address at all. I'm not sure I understand. Is that what you have identified as raising to the BIA an ineffective assistance of counsel argument? Not the ineffective assistance of counsel argument, Your Honor. The argument that the initial immigration judge denied Petitioner due process when he was at his first deportation proceeding. And it was inartful, but that was the notary's having raised the argument of denial of due process, that he wasn't advised in the right situation. Do the words due process appear anyplace there? I'm sorry? Do the words due process appear? I mean, it would be helpful if you let us know where within the record you read. But what you read, I didn't hear the words due process. Well, Your Honor, I don't believe respectfully that the words due process have to actually be used in order for a due process claim to be raised. That's what I mean when I say that even an, quote, unquote, inartfully written document can be sufficient to put the court on notice. And so, could you say again how the, what you just read would show that a due process claim was being made? Well, because in the transcript from the initial deportation proceeding, the judge said to the Petitioner, which country do you wish to go to? It was basically her first question to him. She didn't even advise him that he had the right to renew his asylum application before her, and he could have applied for asylum. And she basically... Where in the record are you reading from? This is the one page, it's in the certified administrative record. This is the one page appeal, BIA appeal. This is the appeal to the board that was dismissed by the board. I mean, I don't have the page right now, but it's... Is this your motion to supplement the record with that? No, this is not the motion to supplement. I'm not speaking about the motion to supplement right now. I'm arguing that the response brief to our opening brief said that this court has no jurisdiction. All we need to do is file another motion to reopen with the Board of Immigration Appeals. However, I believe that we don't, that's not the appropriate course of action because the administrative scheme has been followed below and because exhaustion has occurred. I believe the due process and the ineffective assistance of albeit inartfully by the notary. I'm looking at the notice of appeal, which appears at AR 28 thereafter, three pages. I don't think I see what you just read from, and I don't see anything that pushes forward that I would understand as a due process or ineffective assistance of a counsel argument. So if that's the document we're referring to, I'm a little lost. It may be another document, but I don't know what it is. It's page 11 of the Certified Administrative Record, and it's on the last paragraph of page 11 of the C.A.R. So this is what's titled the appeal brief? Yes, Your Honor. This raised due process violation by the I.J. to the B.I.A., even if it didn't expressly call it due process, especially since it was written in pro per. The B.I.A. should have known that it had to address the due process argument, and it completely overlooked it in addition to overlooking the ineffective assistance of counsel claim, which was also raised herein when it was stated that the petitioner was just waiting for his mother's visa petition to become current and wanted a work permit in the meantime, and someone filled out an asylum application for him, saying this will get you your work permit, which it may have, but it also caused all of this. It looks like it says he was advised to seek voluntary instead of, or sorry, instead without being informed, knowing the consequences thereof. Do you understand that to be a complaint about the lawyer or a complaint about the judge, or both? I understand that to be a complaint. I don't believe... I guess it wasn't a lawyer, but the person purporting to be a lawyer. Well, this is the person purporting to be a lawyer drafting the appeal brief who's referring back to the initial deportation proceeding at which, when the petitioner had arrived, the judge, after asking, you know, did you sneak in, said which country would you like to go to, which is not the appropriate question in the first removal hearing when someone has just applied for asylum. But that hearing transcript's not in the record. That's your motion to supplement the record, isn't it? And later in that transcript, the petitioner's representative informed the IJ that there was an asylum petition pending. So, apparently, everybody knew the asylum petition had been pending. Believe it or not, it was actually the government attorney who tried to point out to the immigration judge when she said, which country would you like to go to, which it's sort of withdrawing his asylum application from before her. He didn't know he could say anything other than the country he's from. El Salvador, I suppose, is what he responded. It was actually the government attorney who said, Your Honor, but he's applied for asylum. And she said, well, he said El Salvador. So, she even skirted the government attorney's attempt to raise the issue that he's applying for asylum now as far as, well, I'm out of time. Thank you, Your Honors. May it please the Court, Victor Lawrence on behalf of the Attorney General. This Court should deny this petition for review because the Board acted within its considerable discretion petitioner's motion to reopen. As this Court is aware, and as the Supreme Court has stated on more than one occasion, motions to reopen are particularly disfavored in immigration proceedings. And this one in particular has at least five grounds upon which this Court can determine to deny this petition for review, as the Board's decision was absolutely correct on the record that was before it when it ruled on this motion. First of all, this motion was filed 15 years after the deadline. The statute has an exception to the deadline of the 90-day deadline or the deadline from September of 1996 in the case of changed circumstances for an asylum claim or a claim involving withholding of removal. That's not what the petitioner brought here until the last minute before the Board. He mentioned something about changed circumstances, but didn't meet his burden of proof to show that there were actually changed circumstances that would allow him to now bring an asylum claim at this time, at this juncture, that he couldn't bring back in 1994. So the Board correctly or within its discretion determined that he hadn't raised a proper claim for an exception to the 90-day time limitation. My opponent suggested that page 11 of the record indicated that there was a due process violation. I respectfully disagree. As Your Honor pointed out, it's unclear who he's talking about in this particular brief when it says he was advised to seek voluntary. Was he advised by a friend? Was he advised by the judge? Who was he advised by? It's not clear at all. And accordingly, the Board appropriately did not seize on that and determine that ineffective assistance or due process violation was raised by the immigration judge. Here, there was no ineffective assistance counsel raised in this record. And that's the problem that this Court has to deal with. And the appropriate method, as we raised in our brief, is to file another motion to reopen to exhaust that claim before the Board, before this Court rules in the first instance, whether or not there was ineffective assistance of counsel. And that's been this Court's policy in numerous decisions to require exhaustion below before making a determination on the first instance. My opponent also pointed out the immigration judge transcript that's in this motion to supplement. It's not in the record, as Judge Rice pointed out. And accordingly, that transcript also is not a certified transcript. So there's nothing to be clear about exactly what happened at an immigration hearing. It's not in the record. This is on a motion to supplement. They apparently did their own transcription. It's not certified and should be properly disregarded. Is there a certified transcript somewhere? Well, there's a tape of the hearing that has not been transcribed into a certified transcript because it was never requested. So, you know, when this record was constructed, it was constructed with the materials that the Board had before it when it ruled on the motion to reopen. And there was no indication at that time that it was necessary to review the immigration judge transcript from what happened in 1994 when they're seeking to reopen proceedings in 2011. Would the petitioner usually have to pay for the transcript? What would be the normal process for getting a certified transcript? Well, in the first regard, if the petitioner wanted that transcript as part of the record, he would have indicated to DHS counsel when he filed his motion to reopen or indicated to the court that it should look at the transcript at that time because he felt that he was being – the immigration judge was not giving him due process. He didn't even raise that issue. So that's why no transcript – another reason why no transcript was prepared. But had he raised the issue, the Board could have determined, well, yes, then we should look at the transcript. We should prepare a certified transcript and then look at that to fully resolve this motion. So could he still now file a motion to reopen raising the due process issue and get a transcript and litigate this that way? He could. Now, the proper method, of course, is for this court to deny the petition for review rather than to remand it to the Board because there's nothing that the Board did to abuse its discretion with respect to the record before it at that time. Now, if Petitioner wants to file another motion to reopen, he could request a copy of that – get a certified copy of that transcript and raise it to the Board in the first instance on another motion to reopen. Now, normally there's a time limitation on motions to reopen. There's also a numerical limitation – one motion to reopen. However, you can get around that if, in fact – you can get around that time limitation and that numerical limitation by suggesting that there are changed circumstances in this country of origin. Or would ineffective assistance of counsel help get around those? That's not a typical route, and I haven't seen any court opinions indicating that that's an exception to the time limitation because, again, the time limitation is statutory, and the statute itself builds in that limitation. It says that there's – you have 90 days or until September 1996 to file your motion to reopen. The one exception to that is if you're applying for asylum or withholding a removal if you have a circumstance where you could show changed country conditions in the country of origin from the time of your original immigration hearing. So no, there's no other exception, and there's no other exception, for instance, for bringing in an adjustment of status claim or – as he also sought to do at one point here – or to bring a claim for cancellation of removal. That's also just not within the statute. So what we have here is a board – It's kind of odd, though, right, because if you have an ineffective assistance of counsel problem and that's why you missed the time deadline – So – well, yes, Your Honor, but that would be an equitable tolling argument, right? And to do – to bring an equitable tolling argument, you have to show diligence. And I think that's where this petitioner fails in large regard, given that his claim is about something that happened in 1994 before the immigration judge, and he's raising this in 2011 or even later in the course of this petition for review. That is not showing diligence and therefore is not – cannot make a claim for ineffective assistance of counsel. And I note that this Court in Bonilla v. Lynch just last year rejected this idea – actually, that was in an adjustment of – no, no, that was an equitable tolling case as well, where they said that we're not going to find equitable tolling in this circumstance where somebody suggested there was ineffective assistance of counsel. So I think what the Court really has to focus on is what the record was before the board at that time and whether the board abused its discretion based on the record before it. And we would submit, Your Honors, that based on the record before the board at that time, the board acted within its considerable discretion by denying a motion to reopen that was over 15 years filed past a deadline without an adequate excuse for coming within an exception. If there are no more questions, I thank you for your consideration. Thank you, Counsel. Thank you. Thank you, Your Honors. Just because the board has broad discretion doesn't mean it has discretion to abuse that discretion. The immigration judge's transcript of the hearing is part of the record. When you file an appeal of an immigration judge's decision, the Board of Immigration Reviews types a transcript and it goes to the parties. And so it was in the record what the immigration judge had done at the time that the board entertained the appeal. So what's in the – what are you pointing to now when you say it's in the record? The transcript of the immigration judge's first – The transcript of the immigration judge's first – Well, I don't see anything like that in the record that we have. Well, it's unfortunate then that the BIA, which did have that, or access to it when it reviewed the motion to reopen, had it. How do you know they had it if it's not in the record that we have? Because they should have typed it, or there's some – But they should have doesn't mean that – I mean, do you have actual evidence that before the BIA there was a document that we don't have here? Other than the fact of standard practice for the last eight years, no. Well, the day of oral argument is kind of a late time to be raising that argument. All right. I mean, we've had time to look to see if there was something wrong and – The fact of filing 15 years later, it's somewhat irrelevant in the sense that if you're arguing changed country conditions, it has nothing to do with – So what are the changed country conditions here? Just the level of violence in El Salvador. I don't even want to get into that argument because I don't have time, respectfully. The fact is that there is a numerical bar on filing another motion. If he was taken advantage of by a notary, even if he files another motion to reopen with the board and argues equitable tolling, equitable tolling just says you can file late if we accept your argument. It doesn't allow you to file another new motion to reopen. And so if the case is not remanded, he's not going to have another chance. His mother's petition has been good for nearly a quarter of a century. He's been going all over the place trying to get his green card. He was sent to the consulate abroad. He was sent back here, filed a waiver, motion to reopen, petition for review. He's exhausted absolutely everything available to him. And the board would not necessarily grant another motion to reopen because even if we toll due to the late filing, it's not an exception to the fact that one was previously filed. Okay, Counselor, you're out of time. Thank you very much. Thank you for the arguments. The case is submitted.
judges: Clifton, Friedland, Rice